**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHA RICHARDSON,          ) | |
|         ) | |
|     Plaintiff,     ) | |
| v.     ) | No. 4:25-cv-01874-SEP |
|         ) | |
| WALMART INC., et al,     ) | |
|         ) | |
|     Defendants.     ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court is Defendant Walmart Inc.'s Motion to Dismiss. Doc. [5]. The Motion is fully briefed and ready for disposition. For the reasons set forth below, the Motion is denied.

### FACTS AND BACKGROUND

On February 21, 2021, Plaintiff Antha Richardson tripped and fell in the parking lot of Walmart Supercenter #1265, located in Ferguson Missouri. Doc. [7] ¶¶ 5, 9. Plaintiff alleges that her fall was caused by either "snow and ice" or a "concealed curb" and resulted in lasting physical and neurological injuries. *Id.* ¶¶ 9-12. On October 28, 2025, Plaintiff filed suit in St. Louis County, Missouri, raising negligence claims against Walmart Inc. and "John Doe Snow Removal Company." *Id.* ¶¶ 13-24. On December 24, Defendant Walmart Inc. removed the case to this Court, Doc. [1], and filed a four-paragraph motion to dismiss, arguing that Walmart Store #1265 was owned and operated by Walmart Stores East, LP, necessitating Walmart Inc.'s dismissal as a defendant, Doc. [5]. Walmart Inc. provided no affidavit or documentary evidence supporting its motion. Plaintiff responded that discovery into the owner and operator of Walmart Store #1265 was ongoing and that dismissal, as opposed to granting Plaintiff leave to amend, would be improper. Doc. [18].

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations "plausibly give rise to an entitlement to relief" is a "context-specific task" requiring the court to "draw on its judicial experience and common sense." *Id.* at 679.  The factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012)).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010).  But if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Contr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Although courts must accept all well-pled factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### DISCUSSION

The only basis on which Defendant Walmart Inc. moves for dismissal is that Plaintiff sued the incorrect party.  To prevail on such a motion, Defendant would have had to provide more than a two-sentence assertion that it is the incorrect party.  In *Moss v. Casey's Gen. Stores, Inc.*, 2007 WL 2084112, at *4 (W.D. Mo. July 17, 2007), for example, the Court rejected a similar argument despite the defendant producing a corporate representative's affidavit stating that Casey's General Store did not own or operate the store in question. The Court found the corporate representative's affidavit insufficient because it failed to state the nature of the representative's position and why he would have personal knowledge regarding which corporate entity owned and operated the store.  Rather than dismiss the case, the Court granted plaintiff discovery as to which company operated the store.  Here, Walmart Inc.'s showing is even weaker, in that it has produced no evidence at

2

all.  As such, Defendant's motion is denied without prejudice to refiling if further evidence is uncovered on the basis of which the Court might be able to determine whether Defendant Walmart Inc. is a proper party to this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Walmart Inc.'s Motion to Dismiss, Doc. [5], is **DENIED** without prejudice.

Dated this 4th day of August, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE